DOUGLAS GREGG
16025 Sequoia Drive
Parker, Colorado 80134
Telephone:     303-840-1051
Facsimile:     303-840-1289
Email:         doug@douglasgregg.com

Attorney Pro Se

FILED

2008 AUG 29 A 11:09

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

FIBERTREK, INC., a Nevada corporation;
LAWRENCE P. WAGNER, an individual;
and JOHN G. PEERY, an individual

Plaintiffs,

v.

PREFERRED CORPORATE SERVICES,
INC. a Colorado Corporation; DOUGLAS
GREGG, an individual; TDG, LLC, a
Colorado Limited Liability Company; NEIL
SMITH, an individual and DOES 1-100,
inclusive,

Defendants.

CASE NO: C08 03415 – RS

DEMURRER TO COMPLAINT

Douglas Gregg, Defendant Pro Se

Fibertrek, et al, Plaintiffs

    Defendant Douglas Gregg demurs to the Complaint filed by Plaintiffs Fibertrek, Inc., Lawrence Wagner and John Peery on the following grounds:

    1.     The Complaint contains many inaccuracies, omits events that contradict Plaintiffs action, contains false allegations, is uncertain and unclear and does not state facts sufficient to constitute a cause of action against defendant.

    2.     Plaintiffs acknowledge in the Complaint that Defendant completed the facilitation services requested by Plaintiffs, namely the completion of a reverse merger for Plaintiffs, as was culminated on February 28, 2007, thus fulfilling the understanding between the parties.

Douglas Gregg
Defendant / Attorney Pro Se

3.	On May 7, 2007, following completion of the reverse merger of February 28, 2007, Plaintiffs Wagner and Peery filed a post merger 15c-211 Issuers Information Statement with the NASD (now FINRA) which such recording further supports Plaintiff's acknowledgement, in Paragraph 2 above, of Defendant completing the facilitation services requested by Plaintiffs.

4.	The Due Diligence / Project Analysis Agreement, as dated July 26, 2006, is between Defendant's company, Preferred Corporate Services, Inc., and Resource Materials, Inc., not Fibertrek, Inc., a Nevada corporation, as is listed as a Plaintiff in the Complaint.

5.	In addition to the inaccuracy noted in Paragraph 4 above, Plaintiffs Wagner and Peery were never officers, directors, shareholders, managers or employees of Resource Materials and never had authority from its owner to enter into any agreements yet Plaintiff Wagner signed an agreement with Defendant's company, Preferred Corporate Services, using the title of Chief Operating Officer of Resource Materials.

6.	Plaintiffs Wagner and Peery subsequently formed two separate corporations using the Fibertrek name as are described in paragraphs 7 and 9 below.

7.	Plaintiffs incorporated Fibertrek, Inc., a Nevada corporation, on November 13, 2006 (Nevada Corporation Number E0773602006-6) hereinafter ("Fibertrek 2006"), with that company merging with All Western Enterprises, an existing public entity, and with Fibertrek 2006 becoming the surviving name of the merged companies.

8.	Plaintiffs sold Fibertrek 2006 on June 22, 2007 to Trac Investments, Inc., of which purchaser Trac Investments, as part of the purchase agreement, changed the Fibertrek 2006 name to Asset Capital Group, Inc. and assigned all rights to the name "Fibertrek, Inc." to the sellers / Plaintiffs.

9.	Plaintiffs incorporated a second Fibertrek, Inc., on August 7, 2007, a Nevada corporation (Nevada Corporation Number E0556062007-8), named as Plaintiff in the Complaint, hereinafter ("Fibertrek 2007"), almost four months following the completion of Defendant's services in facilitating the reverse merger and almost two months following the sale of Fibertrek 2006.

10.	Fibertrek 2006 cannot be a Plaintiff as Plaintiffs Wagner and Peery were no longer officers or directors of the Company and had no authority to list Fibertrek 2006, now Asset Capital Group, as a Plaintiff at the time of filing the Complaint on July 23, 2008, having sold the Company, on June 22, 2007, over one year earlier.

11. Fibertrek 2007 cannot be a Plaintiff inasmuch as that corporation was not in existence during the consulting period of July 26, 2006 to April 15, 2007, having been formed and incorporated on August 7, 2007 and it's initial list of officers and directors filed on September 19, 2007, some three and four months (respectively) following the completion of Defendant's services in facilitating the reverse merger, and over one year and three months following the sale of Fibertrek 2006.

12. Defendant has no agreements with either Fibertrek 2006 or Fibertrek 2007.

13. Plaintiffs Wagner and Peery lack the basis to file the complaint as Plaintiffs Wagner and Peery and Defendant have no agreements as a means for the Complaint and Defendant provided and completed the understood facilitation services requested by Plaintiffs resulting in a reverse merger.

14. Plaintiffs Wagner and Peery lack the basis to file the complaint as Plaintiffs Wagner and Peery sold Fibertrek 2006, over one year prior to filing the complaint.

15. Plaintiffs Wagner and Peery lack the basis to file the complaint as their own financial records show they have received their invested capital back through payment from equity investments received by Fibertrek 2006 and through the sale of Fibertrek 2006.

16. Plaintiffs Wagner and Peery lack the basis to file the complaint as they elected to abandon their project and sell Fibertrek 2006 thus eliminating the means with which to claim damages and request an award as their business plans and projected cash flows now can no longer be fulfilled.

WHEREFORE, Defendant Requests that:

1. Defendant's Demurrer be sustained without leave to amend;

2. The Court enter an order dismissing the action;

3. Defendant be awarded the costs of this action; and

4. The Court grant such other and further relief that the Court considers proper.

The undersigned certifies that this Demurrer is filed in good faith and not for purpose of delay.

Dated: August 28, 2008                                          Douglas Gregg


*/s/ Douglas Gregg*
Defendant Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2008 I sent via FedEx Overnight Deliver a true and correct copy of the foregoing Demurrer to Complaint addressed to the following:

Douglas W. Dal Cielo, Esq.
Ropers, Majeski, Kohn & Bentley
50 West San Fernando Street
Suite 1400
San Jose, CA 95113

*Douglas Gregg* (signature)

Douglas Gregg, Defendant Pro Se